The other questions discussed in the prevailing opinion are not, I think, presented by the record.

Order affirmed, with costs.

---

Fourth Appellate Department, April, 1900. Reported 51 App. Div. 618.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS CONNOLLY, Appellant.

*Fletcher C. Peck,* for appellant.

The court erred in charging that the termination of the meal terminated the relation of landlord and guest; such relation does not cease until the guest leaves the house with the intention of not returning. (*Wintermute* v. *Clarke,* 5 Sand. 242; *Seymour* v. *Cook,* 53 Barb. 451; *McDonald* v. *Edgerton,* 5 Barb. 560; 11 Am. & Eng. Ency. of Law, 28.)

The defendant's intent and the good faith of the purchaser should have been left to the jury. (*People* v. *Dippold,* 30 App. Div. 62; *People* v. *Flack,* 125 N. Y. 324; *People* v. *Wiman,* 9 Misc. 441, 148 N. Y. 29; *People* v. *Lyon,* 27 Hun, 180; *Filkins* v. *People,* 69 N. Y. 101; *Gardner* v. *People,* 62 N. Y. 299.)

*Elmer E. Charles,* district attorney, for the respondent.

Upon the evidence that a witness who had ordered for lunch a sandwich and some beer, which were consumed and paid for before a second order was similarly disposed of, and then a pint of whiskey and a pint of brandy had been brought alone as ordered, the court properly charged that if the lunch had been furnished and the liquor paid for, that terminated the meal and the relation of landlord and guest, and unless that relationship was created again, the subsequent sale of whiskey and brandy was in violation of law.

The burden is on the defendant to show that the sale was made

to a *guest* with his *meal.* (*People* v. *Crotty,* 22 App. Div. 77;. *Matter of Lyman,* 28 App. Div. 128; *Matter of Lyman,* 28 Misc.. 408; *Matter of Breslin,* 45 Hun, 210; *People* v. *Dippold,* 30 App. Div. 62.)

Seller acts at his peril, irrespective of his intent. (*McCutcheon* v. *People,* 69 Ill. 601; *People* v. *West,* 106 N. Y. 295; *People* v.. *Cipperly,* 101 N. Y. 604.)

Judgment of conviction affirmed and proceedings remitted to the clerk of Wyoming county pursuant to section 547 of the Code of Criminal Procedure.

All concurred.